FILED
CLERK, U.S. DISTRICT COURT

JAN 24 2020

CENTRAL DISTRICT OF CALIFORNIA
BY: vdr DEPUTY

1. Selvin Orlando Carranza, CDCR#T67780
2. California State Prison-Corcoran-4A4R#60
3. P.O. Box 3476
4. Corcoran, CA. 93212

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Regarding Case Titled: "AUSA v. Julio A., ALCARAZ."
Case No.: "2:00-CR-00131-FMO." Date Filed: 02/11/2000. Date Terminated: 11/30/2001.

**MOTION:** REQUESTING TO [U]NSEAL ALL SEALED DOCUMENTS REGARDING JULIO A. ALCARAZ's SENTENCING. And SENTENCING FACTORS BY BOTH PARTIES (see DOC#64). UNDER MY U.S. 14th DUE PROCESS and 8th CRUEL & UNUSUAL PUNISHMENT, CONSTITUTIONAL RIGHTS. Provide me DOCs #s 25 w/Video, #53; 54; 64; 72; 81; 101.

**MOTION:** REQUESTING TO KEEP UNDER SEAL MY REQUEST TO UNSEAL THESE DOCUMENTS AND MAIL THEM TO ME TO MY ABOVE ADDRESS.

### "FACTS"

I Selvin Orlando Carranza, Motion this court to [U]nseal all sealed documents regarding Julio A. ALCARAZ's Sentencing. And Sentencing factors by both parties (see DOCs #s 64 and 41). Under my U.S. 14th & 8th Amendments Constitutional Rights. I Motion this court under the Actual Innocence Clause too.

On February 7, 2000, I was arrested on a $250.00 Traffic Ticket that had become a Warrant for my arrest. The following day I was suddenly charged with a 1st degree Murder and 5 robberies. Traffic Court gave me three (3) days time served and a $250.00 fine with the DMV. But suddenly, I was fighting the Death Penalty. Two and a half years later, I went to trial, by a jury. And was convicted & sentenced to 67 years to life in state prison, CDCR..

1

During my trial the D.A. did not disclose to me, nor to my Defense Attorney, that Julio A. Alcaraz had been arrested a month before my arrest. And had worked the murder crime scene of September 24th into 25th of 1999, in my case. Which was entirely based against me as a Circumstantial Evidence Case. Testimony from the only eyewitness at trial proved that [d]rugs, specifically [c]ocaine, came up missing from the murder crime scene. Drugs, the eyewitness, Mr. Herrera, testified he had been snoring with his Uncle earlier that night. Prior to the homocide of Mr. Manuel Martinez Gomez. Who's autopsy revealed he had consumed cocaine.

The D.A. did not disclose to me nor my Attorney that Julio Alcaraz had been arrested for robbing an under cover agent for 13 pounds of cocaine. Which is a "Brady Violation. Prosecutorial Misconduct." I recently read an LA Times Newspaper Article on Google regarding Alcaraz's sentencing. Specifically, that at sentencing Alcaraz confessed plotting "Home [I]nvasions against drug dealers."

This is relevant to my case, because the deceased victim had a son, Ricky Gomez, who was a drug dealer. And there was a "Home Invasion" to Ricky's house about a month or two after his dad was killed in 1999. Indeed, it was my defense this was a drug deal gone bad. But the judge did not allow drug dealing evidence saying it's prejudicial effect outweighed it's probative value.

Wherefore, I'm asking this court to grant me justice and unseal all sealed documents regarding Julio A. Alcaraz's entire case. And sentencing factors by both parties (see DOC# 64, 41, 53 and 54). For the fact that Alcaraz was present at the murder crime scene. In which drugs came up missing. Specifically, cocaine. The same kind of drugs Alcaraz robbed the undercover Agent for, 13 pounds of cocaine (6 kilos). Is [r]elevant to my Defense. And I've maintained my [i]nnocense.

2

Indeed, I can prove I was [W]rongfully convicted under the Knowing Use of False Evidence. The Single Eyewitness, Mr. Herrera, testified he thought the murder [w]eapon was a .45 Caliber Semi-automatic handgun. A Detective McMahon then testified that I made statement I was a Gang Member who always carried a Smith & Wesson .45 caliber semi-automatic handgun with 15 bullets in the clip & one in the chamber.

Infact, the D.A., even made it her closing argument to the jury that I was the murder suspect because I made statements I always carried a .45 caliber semiautomatic handgun. Which was the same Kind of weapon the murder eye witness described, a .45 caliber semiautomatic handgun.

But all along the D.A. had the bullet recovered during the autopsy. And it was a .30 caliber [R]ifle Bullet. [N]ot a .45. . . . Indeed, during the 6th hour of Deliberations the jury was so [C]onfused they returned to ask the court: "What is the [C]aliber of the murder weapon?"

But because my state [a]ppointed attorney failed to call a Ballistic Expert, the jury was never informed .30 caliber bullets are used for [r]ifles. And are [n]ot interchangeable with a .45 caliber semiautomatic handgun. So the court simply reiterated the eyewitness testimony at trial: that he thought the murder weapon was a .45 caliber semiautomatic handgun.

Indeed, I got two (2) consecutive 25 years to life on the False Gun Enhancements alone, 50 years. Plus, 15 years to life for 2nd degree murder and two for the attempted robbery of these victims. Totaling 67 to life.

I've now read Alcaraz's [I]ndictment & Complaint (DOCs #1 & 13). And the same Modus Oparandus (MO) Alcaraz used in his case was used in my case. Very similar trait marks. Two Victims in a Vehicle were robbed (attempted robbery). In the [S]ame West Side Long Beach [N]eighborhood. Alcaraz was robbing Paisas (Mexican Drug Dealers in). During the same time frame: September 24 into 25th, 1999. On Alcaraz's [W]atch/Shift.

3

While it's not for me to cast blame on anyone. I should have been afforded the opportunity to put Julio Alcaraz on the stand. And examine him during my trial under the 6th Amendment U.S. Constitutional Right. Since he had filed a Police Report on the night of the murder.

During my trial, I had Alibi Witnesses placing me in Arizona on the night of the murder. But because I was a Gang Member from a WSLongo Gang where these crimes occurred. I was wrongfully Convicted by Association. Strictly based on Circumstantial Evidence. That I use to visit friends where these crimes occurred. I've been in prison for 20 years.

But had the jury heard testimony that Long Beach Police Officer Julio Alcaraz was committing these same kind of crimes Robberies under color of law, in this same West Side Long Beach Neighborhood. Victimizing Drug dealers in vehicles. Even plotting or doing Home Invasions. It would have made it more likely that the jury would have [a]quitted me. For the deceased victim in my case was snoring drugs [cocaine] in his vehicle with his nephew. The same kind of [v]ictims Julio Alcaraz and his codefendant were [t]argetting.

In short, because I was 18 years old when arrested for these crimes. I qualify for the New Youth Offender Laws. And will be filing a Habeas Corpus based on this New Evidence I've Discovered regarding Julio Alcaraz.

Wherefore, I'm asking you to please [g]rant me Justice. And [u]nseal all of Julio Alcaraz [s]entencing factors and mail them to me. While keeping my [r]equest under [s]eal. Please send me DOCs No.: 25 including a copy of the video; DOCs No. 53, 54, 64, 72, 81, 101. And anything else you believe relevant.

Thank you & God Bless You.

Dated: 1/20/2020            Respectfully Submitted,

                            Selvin O. Carranza

4

**CORCORAN STATE PRISON**

NAME Selvin O. Carranza
CDCR NUMBER T67780
HOUSING 4A4R#60
PO BOX 3476
CORCORAN, CA 93212

**STATE PRISON GENERATED MAIL**

Legal-Confidential-Attorney Mail

URGENT!

Clerk for Chambers Of:
Fernando M. Olguin, District Court Judge
1st Street Courthouse, COURTROOM-6D
350 W. 1st Street,
Los Angeles, CA., 90012

U.S. POSTAGE — PITNEY BOWES
ZIP 93212 $ 000.50°
0001386349 JAN 22 2020

RECEIVED
U.S. DISTRICT COURT
JAN 24 2020
CENTRAL DISTRICT OF CALIFORNIA
BY